FRED A. FENSTER (SBN 50489)
FFenster@GreenbergGlusker.com
NANCY C. MORGAN (SBN 205430)
NMorgan@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610/Fax: 310.553.0687

Attorneys for Plaintiff Caltex Plastics, Inc.

GARY M. ANDERSON (State Bar No. 97385)
ganderson@fulpat.com
DAVID PITMAN (State Bar No. 172944)
dpitman@fulpat.com
KENYA WILLIAMS (State Bar No. 276875)
kwilliams@fulpat.com
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone: (310) 824-5555/Fax: (310) 824-9696

Attorneys for Defendant Elkay Plastics Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALTEX PLASTICS, INC., a California corporation,<br><br>           Plaintiff,<br><br>v.<br><br>ELKAY PLASTICS COMPANY, a California corporation, and DOES 1-10,<br><br>           Defendants. | Case No.  2:12-cv-10033 RSWL(JEMx)<br><br>**PROTECTIVE ORDER** |

The Court, having reviewed the Stipulation for Protective Order executed by the parties through their respective counsel, and good cause appearing therefor,

IT IS ORDERED:

1. Discovery in this action is expected to require the production of non-public confidential information concerning the business affairs of the parties, including but not limited to pricing information, sales and revenue figures, customer identities, and materials that may constitute trade secrets. There is good cause for the entry of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure with respect to such materials because the disclosure of the pricing information, sales and revenue data, customer identities, and trade secrets could result in competitive injury.

2. As used herein, "Confidential Material" means: (a) non-public price lists and price quotations; (b) non-public sales, profit and revenue figures; (c) non-public information disclosing the identities of any customer of any party providing discovery, including any party to this action or any third party (a "Producing Party"); and (d) any other non-public information that any Producing Party reasonably believes, in good faith, is likely to cause competitive harm if disclosed or constitutes a trade secret under applicable law.

3. "Confidential Material" does not include any information:

    (a) that is known to or independently developed by the party receiving the production (the "Receiving Party");

    (b) that, after the disclosure to the Receiving Party by the Producing Party is revealed to the public or to the Receiving Party by a person having the unrestricted right to do so; or

    (c) that is acquired by the Receiving Party from any third party which lawfully possesses the information and owes no contractual duty of non-disclosure to the Producing Party.

4. There shall be two categories of Confidential Material under this Protective Order:

    (a) "CONFIDENTIAL," and

    (b) "ATTORNEYS' EYES ONLY."

1  The "ATTORNEYS' EYES ONLY" category is reserved exclusively for Confidential Material that constitutes trade secrets under applicable law, or Confidential Material regarding pricing, profit or customer information that, if disclosed to the Receiving Party, would cause competitive injury to the Producing Party.

5. All tangible items or subject matter deemed by the Producing Party to be subject to this Protective Order shall be visibly marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time of production or disclosure to be subject to this Protective Order. In order to designate an entire multi-page document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" each page of the document must be so marked, except in the case of electronic documents produced in native format (*e.g.*, Microsoft Excel files), which may be designated by affixing the appropriate designation on the first page of the document. If not all pages of a document contain Confidential Material, then only those pages deemed in good faith to be subject to each such designation shall be so marked, except in the case of electronic documents produced in native format, which may be designated as described above. With respect to deposition testimony, blanket designations of an entire deposition transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" should be avoided where possible, although counsel may agree, for the sake of convenience, to temporary treatment of a transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," pending specific page and line designations made by the Producing Party after the deposition transcript for that deposition session or sitting is transcribed by the reporter. In connection with electronically-produced documents in non-native format, any designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be provided in a metadata field and shall also be stamped on the electronic document itself.

6. Except pursuant to a prior written consent of the Producing Party or an

order of the Court allowing broader disclosure, no Confidential Material which has been designated as "CONFIDENTIAL" shall be disclosed by the Receiving Party to anyone other than (a) this Court and its personnel, (b) any person indicated on the face of a document so designated to be its originator or author or a recipient of a copy thereof, or is mentioned in it, (c) counsel of record for the Receiving Party (including attorneys and employees working for such counsel), (d) experts and consultants retained or consulted in this action by the Receiving Party, (e) executives of the Receiving Party who are actively involved in working with the Receiving Party or its legal counsel in the prosecution, defense, or settlement of these proceedings, and (f) any court reporter before whom a deposition is taken in this action.

7. Except pursuant to a prior written consent of the Producing Party or an order of the Court allowing broader disclosure, no Confidential Material which has been designated as "ATTORNEYS' EYES ONLY" shall be disclosed by the Receiving Party to anyone other than (a) this Court and its personnel, (b) any person indicated on the face of the document to be its originator or author or a recipient of a copy thereof, or is mentioned in it, (c) counsel of record for the Receiving Party (including attorneys and employees working for such counsel), (d) experts or consultants retained or consulted in this action by the Receiving Party, and (e) any court reporter before whom a deposition is taken in this action.

8. All persons to whom disclosure of Confidential Material is made under this Protective Order, other than counsel of record for the parties and the attorneys and employees who work for such counsel, shall be given a copy of the Protective Order prior to such disclosure and, prior to such disclosure, shall sign the form attached hereto as "Exhibit A" indicating that they have read this Protective Order and agree to be bound by its terms.

9. Confidential Material shall be handled in the manner set forth herein and shall be used solely for the purposes of the prosecution or defense of this action

unless and until such designation is removed by agreement of counsel for the parties or by order of the Court. This reciprocal contractual obligation shall survive the termination of this action and shall continue even after the Court loses its current jurisdiction over the parties.

10. Where only a portion of a particular document or tangible item furnished or produced by a Producing Party, or a portion of the transcript of any deposition, is designated as Confidential Material, counsel for the Receiving Party shall delete or redact therefrom the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" portions, before disclosing such information to any person other than those designated herein.

11. Deletions or redactions made from any material or transcript in accordance with the terms of this Protective Order shall not affect the admissibility of any such material or transcript in evidence in this action.

12. Nothing contained herein, including in Paragraph 7 above, shall preclude or impede the ability of the parties' counsel to communicate with their respective clients to provide advice and counseling with respect to this action, based upon counsel's review and analysis of Confidential Material designated as "ATTORNEYS' EYES ONLY." Counsel may discuss with employees and officers of their respective clients who are actively involved in the prosecution, defense, or settlement of this action, the general nature of such "ATTORNEYS' EYES ONLY" materials, without disclosing the specifics of those materials, to the extent necessary to the effective representation of their respective clients.

13. If any Confidential Material is summarized, discussed, or quoted from at any deposition or at any hearing in this action, all persons other than those to whom disclosure is permitted hereunder shall be excluded from such portion of the deposition or hearing.

14. The parties shall endeavor to avoid filing Confidential Materials with the Court to the extent possible. If it becomes necessary to file Confidential

1  Materials with the Court, the party who wishes to file such materials shall (a) seek
2  the consent of the Producing Party to allow such filing, or (b) if such consent is not
3  forthcoming, shall file an application for approval to file the Confidential Materials
4  under seal, pursuant to Local Rule 79-5.

5        15. Nothing in this Order shall prevent a Receiving Party from contending
6  that documents or information have been improperly designated. A Receiving
7  Party may at any time request that the Producing Party cancel or modify the
8  designation with respect to any document or information contained therein. The
9  designated status of any Confidential Material and any restriction on the disclosure
10 or use of Confidential Material contained in this Protective Order may be changed
11 only by written agreement of the Producing Party or by court order. A party shall
12 not be obligated to challenge the propriety of any designation at the time of
13 production, and a failure to do so shall not preclude a subsequent challenge thereto.
14 Before filing any motion for an order changing the designated status of Confidential
15 Material or any restriction of this Protective Order, the Receiving Party shall make
16 a written request to the Producing Party to agree to the requested change. The
17 parties shall promptly meet and confer to discuss the request. If after meeting and
18 conferring, the parties cannot agree upon the resolution of the Receiving Party's
19 request, the Receiving Party may move for an order changing the designated status
20 of Confidential Material or otherwise relieving the Receiving Party from the
21 restrictions of this Protective Order. Pending the decision on the motion, the
22 involved item shall be treated in accordance with its designated status. In
23 connection with any such motion, the Producing Party shall have the burden of
24 establishing that the item of protected subject matter contains Confidential Material
25 of such a nature as to justify its designated status or as to justify the restrictions
26 from which the Receiving Party then seeks relief.

27       16. Inadvertent or unintentional production of documents or things
28 containing Confidential Material, but which are not properly designated as such at

the time of production, shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Producing Party who inadvertently produces Confidential Material without designating it as such in accordance with this Protective Order shall immediately notify the Receiving Party after discovery of such inadvertent production. The material so designated shall thereafter be treated as Confidential Material under this Protective Order, unless the designation is changed pursuant to Paragraph 15 of this Protective Order. The Producing Party will also provide replacement pages bearing the appropriate confidentiality legend or legends upon discovery of the error.

17. If information subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. Any Producing Party who produces material without intending to waive a claim of privilege or protection of trial preparation materials with respect thereto shall immediately on discovery of the error identify the material or information produced and state the privilege or other protection asserted. After the Producing Party makes that identification, the Receiving Party must promptly return, sequester or destroy the specified material or information and any copies thereof and otherwise follow the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The Receiving Party may thereafter seek a ruling from the Court as to the merits of the claim of privilege or protection of trial preparation materials; the Producing Party must preserve the information until the claim is resolved.

18. All Confidential Material shall be retained by the Receiving Party or its counsel of record during the pendency of these proceedings, except that experts and consultants retained or consulted by a Receiving Party, and other persons noted herein or permitted by other agreement, may have custody of one copy of any

1  Confidential Material during the pendency of this proceeding.

2        19.    Neither the taking of any action in accordance with the provisions of
3  this Protective Order, nor the failure to object thereto, shall be construed as a
4  waiver of any claim or defense in this action.  Moreover, the failure to designate
5  information in accordance with this Protective Order and the failure to object to a
6  designation at a given time shall not preclude the filing of a motion at a later date
7  seeking to impose such designation or challenging the propriety thereof as of or
8  after any such later date.  The entry of this Protective Order shall not be construed
9  as a waiver of any right to object to the disclosure of information in response to
10 discovery and, except as expressly provided, shall not relieve any party of the
11 obligation of producing information in the course of discovery.

12       20.    A nonparty producing information or material voluntarily or pursuant
13 to a subpoena or a court order may designate such material or information as
14 CONFIDENTIAL or ATTORNEYS' EYES ONLY, pursuant to the terms of this
15 Protective Order.  Any party seeking to challenge the designation of non-party
16 information as CONFIDENTIAL or ATTORNEYS' EYES ONLY or who is
17 seeking to use such information in proceedings where it may become a part of the
18 public record, shall follow the procedures set forth above and provide notice to the
19 non-party in sufficient time to allow the non-party to appear and seek continued
20 protection of its information as designated.

21       20.    Upon termination or settlement of these proceedings, including all
22 appeals, each party shall either:  (a) return to the Producing Party all
23 "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" materials produced in
24 discovery, including all copies, summaries, or abstracts not containing attorney
25 work product or information covered by the attorney-client privilege; or (b) destroy,
26 and certify such destruction in writing to the other party or to third parties, as the
27 case may be, all "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" materials
28 produced in discovery, including all copies, summaries, or abstracts not containing

attorney work product or information covered by the attorney-client privilege; provided, however, that each party's counsel may keep one paper archival copy and one electronic archival copy of all pleadings, discovery responses, and produced documents that contain "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" materials.

Dated: February 04, 2013 /s/John E. McDermott_____

United States Magistrate Judge

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

12486-00005/1896090.1      9      PROTECTIVE ORDER

640696.1

# **EXHIBIT A**

# **ACKNOWLEDGEMENT OF RECEIPT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND THEREBY**

I, _____, acknowledge that I have received a copy of the Protective Order entered by the United States District Court for the Central District of California in *Caltex Plastics, Inc. v. Elkay Plastics Company et al*, Case No. CV 12-10033 RSWL (JEMx). I agree to be bound by the terms of that Protective Order and submit to the jurisdiction of the United States District Court for the Central District of California with respect to any proceedings to enforce my obligations thereunder.

Dated: _____      _____

                                            Signature

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

12486-00005/1896090.1          10          PROTECTIVE ORDER

640696.1